Caria, per
O’Neall, J.
The first motion in this case which will be considered, is that of the plaintiff, which seeks to reverse the decision below, by which the judgment was set aside.
The Act of 1809, 1 Brev. Dig. 120, Tit. 39, Sec. 32, provides, “that in all actions now pending, or hereafter to be brought, on any liquidated demand, wherein the defendant or defendants shall have. suffered an order for judgment to be entered against him or them, it shall not be necessary for the plaintiff or plaintiffs to prove his or their demand, or execute a writ of enquiry, but the same shall, upon motion to the court, be referred to the clerk, to ascertain the sum actually due, and judgment shall be entered up accordingly, for the sum so ascertained.”
The question here presented is, is a judgment a liquidated demand % If it is, it was properly referred to the clerk, and the judgment was properly entered up, and ought not to have been set aside. The case of Dinkins & Macon vs. Vaughan & McLaughlin, 1 McC. 554, held that a judgment did not bear interest, as of course, and that it was not properly referrable to the clerk, and a *578 judgment entered up on an assessment by the clerk, of the principal and interest due on a judgment, was set aside. That case, as a precedent, until reviewed and reversed, of course prevented any other decision than that given on the circuit. Here, however, if we think the case was decided wrong, it presents no such obstacle. For although the wisdom of the maxim stare decisis, is acknowledged, and we rarely think it prudent to overrule a former decision, yet when it conflicts with other decisions, or has proceeded upon a plain mistake of the law, it is our duty to put it out of the way. The case of Dinkins & Macon vs. Vaughan & McLaughlin, proceeds upon two reasons. 1st. That a judgment by default in debt is final, and does not need a reference; and 2d, that interest does not“follow of course upon the judgment. The first position may be here conceded, and still it does not follow that there should not be a reference. For the final character of the judgment ascertains nothing but the sum demanded; the interest, if interest be recoverable, could not be embraced in such a judgment. In consequence of this, it is every day’s practice to' refer to the clerk notes under seal, and any writing which ascertains a debt. The 2d reason, that judgments do not, as of course, bear interest, has the countenance of a single case, Daub vs. Martin, 2 Bay, 193, in which it was held, that on a judgment for a tort, interest is not recoverable. Whether that case is law, need not now be decided. For the judgment here is on a contract, and in the case of Lambkin vs. Nance, 2 Brev. Rep. 99, and Harrington vs. Glenn, 1 Hill, 79, it was held, that on a judgment on a contract, whether bearing interest or not, the plaintiff was entitled, as a matter of right, to recover interest on the aggregate of debt, interest and costs, so ascertained. These cases have established a rule, with which we are satisfied, and it follows that the reasoning of Dinkins & Macon vs. Vaughan & McLaughlin being unsound, it ought not to stand in our way, if we think that a judgment is a liquidated demand, and may, therefore, be referred to the clerk. What is meant by “any liquidated demand,” the words used by the Act of 1809 'l It seems to have been conceded, that whenever a sum certain was ascertained by writing, (under seal or without) to be due *579 from the defendant to the plaintiff, it was a liquidated demand. Certainly a debt ascertained by record, stands at least upon equal, if not higher grounds, and bearing interest, as a matter of course, when recovered on a contract,, there is nothing left on a default but to compute the interest, in order to entitle the plaintiff to his judgment; and before the Act of 1809, in this State, this computation would have made it necessary .to execute a writ of enquirs. This the Act now dispenses with, and upon a reference to the clerk, tlje sum actually due is ascertained, and upon that, judgment may, as was done in this case, be entered up. The case of Dinkins & Macon vs. Vaughan & McLaughlin, 1 McC. 554, is overruled, and the motion reversing the decision of the judge below, is granted.
This makes it necessary now to go on and consider the question, whether an entry of satisfaction should have been ordered on the judgment under the rule! The presiding Judge states, that had it not been for the decision which he felt himself bound to make, setting aside the judgment, he would have ordered an issue to test the question of satisfaction. This course, we think, we should now pursue. For it may be, that a jury may conclude that the whole debt was paid; or it may be, that they may think that $850, the sum admitted by Mr. Smith’s affidavit, is the only sum paid. The power of the court to make such an issue, is unquestioned, and its propriety cannot be doubted. For where there is as much dispute about the facts, as there is in this case, it would not be safe to decide upon them under affidavits. But, it is asked, who are to be the parties to the issue! The answer is, let those act and defend who are interested. The issue must, of course, be entitled in the names of the plaintiff and defendants on record. But in such issue, Charles Clarke, acting in the name of Sawyer & Steele, will be the actor, and Phineas Pierce, the alleged assignee, in the name of David Crowther, will be the defendant. The motion to reverse the decision of the Judge below, on the rule to shew cause why satisfaction on the judgment should not be entered up, is granted ; and it is ordered that an issue be made up between the parties, as hereinbefore suggested, to try the question, whether the said judgment *580 is satisfied1? And if not satisfied, to ascertain how much has been paid upon it 1
The motion to reverse the Judge’s decision on the substitution of the attorney, needs no further commentary, than to say, if Mr. Pierce be not regarded as the proper party to protect the judgment, then all the defendants’s proceedings, with a view to set it aside, are irregular. For Crowther has had no notice. But regarding Pierce, upon the shewing exhibited to us, as entitled to stand as assignee of the judgment, we think theye is no ground to dispute the correctness of the decision below. For this reason, as well as the reasons assigned by the Judge below, the motion to reverse the decision, whereby Messrs. McCrady & Caldwell were substituted as attorneys in the place of O. M. Smith, Esq, deceased, is dismissed.
Richardson, O’Neall, Evans, Wardlaw, and Frost, JJ. concurred.